United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 03-20882
Summary Calendar

———————————————

UNITED STATES OF AMERICA,                    Plaintiff-Appellee,

versus

RICHARD N. PATE AND
JESSIE KAY PATE,                              Defendants-Appellants.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(USDC No. 03-MC-204)

———————————————————————————

Before SMITH, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

      Defendants-Appellants, Richard N. Pate and Jessie Kay Pate (the "Pates") appeal a district

court order which denied their claim of Fifth Amendment privilege against self incrimination

pertaining to documents sought by the United States Internal Revenue Service ("IRS") in a tax

enforcement proceeding.  Because, as we explain below, the district court was correct in determining

that the Pates were not entitled to the Fifth Amendment privilege here, we affirm.

---

      [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DISCUSSION

I.      Facts & Procedural History

On June 3, 2003 the IRS filed a Petition to Enforce Internal Revenue Service Summons seeking the enforcement of a summons the IRS had previously served on the Pates requesting documents and testimony pertaining to the failure of the Pates to file personal income tax returns for the tax years 1997, 1998, 1999, and 2001.  The IRS summons had directed the Pates to appear before the IRS, however, the Pates did not comply with the summons.   On June 6, 2003, the district court signed an Order to Show Cause ("Show Cause Order") directing the Pates to appear and show cause why the IRS summons should not be enforced.  On June 30, 2003, the Pates appeared, pro se, before the district court.  However, they refused to produce any of the documentation referenced in the Show Cause Order, and refused to answer any of the district court's questions stating that without advice of counsel, they could not respond.    The district court then signed an order directing the Pates to appear before it on July 7, 2003, to show cause why they should not be held in contempt of court if they failed to bring the requested documentation.  On July 7, 2003, the Pates appeared before the district court, accompanied by counsel, and in possession of a large bag purportedly containing documents responsive to the IRS summons.  The Pates claimed the right to keep the documents out of the possession of the IRS based on the Fifth Amendment privilege against self-incrimination.  The district court then conducted an ex parte, in-camera examination to determine whether, and to what extent, the Pates were entitled to their Fifth Amendment claim to the bag of documents.  After the conclusion of the examination the district court asked the IRS to re-enter the courtroom and ruled via an order that it was denying the Pates claim of Fifth Amendment privilege.  The district court then

2

stayed its order to allow the Pates to appeal the order.

II.     Standard of Review

We review a district court's denial of a claim of Fifth Amendment privilege *de novo*. See

United States v. Southeast First Nat'l Bank, 655 F.2d 661, 665 (5th Cir. 1981).

III.    Analysis

This court has established that the IRS may enforce a summons issue pursuant to 26 U.S.C.

§ 7602[1], provided that the IRS's purpose in issuing the summons is not solely the pursuit of a criminal

investigation and/or prosecution. Southeast First Nat'l Bank, 655 F.2d at 664. The United States

Supreme Court has held that because any tax fraud inquiry involves civil and criminal elements that

are intertwined, the IRS is empowered to issue a section 7602 summons even though the investigation

may result in a recommendation for criminal prosecution of the taxpayer. See United States v.

LaSalle Nat'l Bank, 437 U.S. 298, 309 (1978); Donaldson v. United States, 400 U.S. 517, 532-36

---

[1] This statute provides in pertinent part:

> (a) Authority to summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--

> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(1971).  Furthermore, this court held in <u>United States v. Roundtree</u> that it is the taxpayer who bears the burden of showing that the IRS's purpose in issuing the summons is solely criminal.  420 F.2d 845, 852 (5th Cir. 1970).  If the taxpayer fails to carry that burden, the summons is enforceable and the taxpayer must present him or herself before the court with the requested documents.  <u>Id</u>.  It is then, before the court, that the taxpayer must raise the taxpayer's Fifth Amendment privilege defense for each document or each question.  <u>Id</u>.  However, the court cannot issue a blanket refusal on the Fifth Amendment claim, but rather, must consider each document or question, and determine if, in each instance, the claim of self-incrimination is well founded.  <u>Id</u>.

We find that the district court acted properly and made the correct decision in denying the Pate's request for Fifth Amendment protection for the documents they brought with them to the July 7, 2003 show cause hearing.  First, our review of the record reveals that the Pates have failed to carry their burden of showing that the IRS's sole purpose in issuing the summons was criminal.  The IRS testified that it has not initiated a criminal referral in this case, and the purpose of issuing the summons was to determine if the Pates owed any taxes.  The Pates acknowledged, in the presence of the IRS, that they had not filed tax returns for the years 1997, 1998, 1999, and 2001.  Furthermore, § 7602 authorizes the IRS to summon from taxpayers information pertaining to years when a tax return has not been filed to determine if a tax liability is in fact due.  Thus, the Pates were bound to respond to the summons.  Second, the district court granted the Pates an ex parte, in-camera, hearing to allow them to make their argument as to why the documents they brought with them in response to the summons should be granted Fifth Amendment protection.  Our review of the sealed transcript testimony reveals that the documents the Pates sought protection for pertains to the amount of income they earned in the years they did not file tax returns, and thus would answer the

4

question as to whether or not their income level required them to file a tax return.[2] As the Pates' own counsel acknowledged, the fact that a taxpayer may have been required to file a tax return is not, in itself, evidence of tax fraud or a criminal failure to file. The IRS would be required to prove other factors beyond the mere failure to file.[3]

We find that the district court, as instructed by <u>Roundtree</u>, sufficiently addressed the documents for the tax years at issue during the ex parte, in-camera hearing, and did not err, as a matter of law, in denying the Pates request that those documents be given Fifth Amendment protection. 420 F.2d at 852.

## <u>CONCLUSION</u>

Because the Pates have not shown that the IRS's sole purpose in issuing the summons was criminal in nature, and the district court sufficiently reviewed, during an ex parte hearing, the documents sought to be protected and correctly found that such documents were not entitled to such protection, we affirm the district court's denial of the Pates' request for Fifth Amendment protection of those documents.

AFFIRMED

---

[2] For example, IRS Publication 501 for the year 2003 states that married taxpayers who have gross income of $15,600 or more in 2003 are required to file a tax return.

[3] For example, 26 U.S.C. § 7203 requires the IRS to show a "willful failure to file", not simply a failure to file.